## AKIA CLUB v ERWIN

Ohio Appeals, 2nd Dist, Franklin Co

No 2327. Decided Oct 19, 1933

Joseph A. Shearer, Columbus, for plaintiff in error.

Bartels and Marshall, Columbus, for defendant in error.

**OPINION**

By BARNES, J.

The transcript of docket and journal entries herein show that a paper was filed, the body of which contained the recital that the additional bond had been given as required under the formal order of the Court of Common Pleas. But this document is not signed or certified by the Municipal Court or the clerk thereof. The Common Pleas Court overruled the motion to dismiss and then follow the error proceedings in this court raising the sole and only question as to whether or not the Common Pleas Court was in error in overruling the motion of defendant, The Akia Club, to dismiss.

On behalf of The Akia Club it is contended that the compliance with this motion was jurisdictional and that the court below had no power to accept the paper filed as a compliance when it failed to be certified as is the general requirement with transcripts of a lower court when required to be filed in a higher court. Counsel for The Akia Company state in their brief that their original motion to require the plaintiff below to furnish additional bond was by virtue of §10395, GC. This section reads as follows:

"Sec 10395 GC. Amendment or Change of Bond for Appeal.

"In proceedings on appeal when the surety in the bond is insufficient or such bond insufficient in form or amount the court on motion may order a change or renewal of the bond and direct that it be certified to the justice from whose judgment the appeal was taken or recorded in such court."

The above section does not provide the authority which plaintiff in error claims for it. In the first place, by its terms it applies to proceedings on appeal from the justice's court, and secondly it provides that the new bond is to be given in the court to which the cause was appealed, and this fact then be certified to the justice from whose judgment the appeal was taken, or in the alternative the proceeding attending the giving of the new bond may be recorded in court.

It possibly is or may be contended that the procedure in the Municipal Court is controlled by Chapter 9 which prescribes appellate procedure from Justices' Courts. The Municipal Court Act for Columbus, Ohio, will be found in §§1558-46 to 1558-93b, GC, inclusive.

Sec 1558-51 GC provides for original jurisdiction of the Municipal Court. The act does not prescribe appellate procedure by reference to the justice act, but by specific provisions prescribes procedure. The sections relating to procedure on appeal are found in §§1558-75a, 75b, 75c, 75d, 75e. GC.

Sec 1558-75d, GC, prescribes the duties of the Municipal Court relative to determining financial responsibility of proposed sureties upon all bonds and also provides for additional security upon motion of judgment creditor.

In the instant case it is the judgment debtor who was desiring the additional bond and it may be claimed that the language of this section, §1558-75d GC is not broad enough to include such judgment debtor. Even if this be true, it would not authorize resort to §10395 GC which refers to procedure in appeals from justice court, since there is no provision in the Municipal Court Act adopting this procedure by reference.

It is our conclusion that the Court of Common Pleas would have no power to dismiss the appeal since appellant had complied with all jurisdictional provisions in perfecting his appeal.

Finding no error prejudicial to the rights of the plaintiff in error the cause will be remanded to the Court of Common Pleas for further proceedings.

HORNBECK, PJ, and KUNKLE, J, concur.